**Paul F. WALTON, Plaintiff and Appellant,**

v.

**Kenneth F. WALTON, and Fife Rock Products and Construction Company, Defendants and Respondents.**

**No. 15552.**

Supreme Court of Utah.

Oct. 23, 1978.

Lyle J. Barnes, Kaysville, for plaintiff and appellant.

William H. King and Felshaw King, Clearfield, for defendants and respondents.

ELLETT, Chief Justice:

In 1955 plaintiff's predecessor in interest leased to Kenneth Walton a gravel pit for a ten year period of time. At the end of the lease term a dispute arose between the parties and a judgment based on stipulation was entered whereby the lease was extended for an additional ten year term. Among the provisions of the judgment is the following: That upon the termination of said lease, Defendant (Lessee) shall comply with the requirements of the Davis County Planning Commission with respect to terracing and will specifically see to it that there are no large caverns or holes left upon the premises.

This appeal is from the decision of the trial court holding that the plaintiff was not entitled to recover damages because of the condition in which the lessee left the land at the end of the term. The defendant Fife Rock Products and Construction Company (hereafter Fife) was sub-lessee of the pit.

In 1971 defendant Fife operated the pit under a sub-lease with defendant Kenneth F. Walton, and was one of a number of such gravel men in the area, and during its operation there was no expansion of gravel production beyond the perimeter of the then existing pit, and Fife carried on a continuing "rehabilitation" program. Paul Walton, lessor, reminded defendants of the rehabilitation plan of the Planning Commission; and defendants took the initiative and presented a plan and sketch dated October 7, 1971, to comply, which were accepted by the Commission after an amendment requirement directed to one Woodland, Fife's representative, was met. From then on the Commission made no further requests or demands for correction or compliance with operations in violation of any regulations, having certified defendants' plan in writing. Shortly prior to the lease renewal's termination, Woodland took a crew and for three days removed steep slopes to 1½ to 1

"angle of repose" required by the Ordinance, and, to comply with his letter plan of October 7, 1971, and reseeded the area disturbed. Eight months after expiration of the lease Paul Walton filed this action. After a three day trial the court, without a jury, entered a No Cause Judgment and signed Findings of Fact which are hereafter set forth.

■ Although the believable facts appear to be supportive of the trial court, the plaintiff contends to the contrary. He further contends that the judgment is not valid since it is based on an estoppel of a governmental agency. No one in this case, including the court, has mentioned estoppel except Paul. His theme is that the defendants claim the Commission, having accepted the plan, cannot assert an estoppel. Defendants did not plead an estoppel, and couldn't have since the Commission is not a party. Paul is the one that claims the Ordinance was not followed, and there seems to be nothing irregular in defendants' showing compliance with it by presenting a plan that was accepted by the Commission.

Several other points on appeal were advanced by the appellant with respect to the relationship between Kenneth Walton and Fife Rock, as being that of assignor-assignee instead of lessor-lessee, as to "waste per se," and "hearsay." We have considered these claims but find them to be without any merit and do not discuss them further.

■ The court made findings of fact as follows:

\* \* \* \* \* \*

. . . The ordinance in question pertaining to the requirements of the Davis County Planning Commission was enacted with an effective date of November 19, 1960. This ordinance was never enforced insofar as the provisions regarding "Rehabilitation of Lands" were involved, but was enforced as to dust, noise and other factors.

The Davis County Planning Commission has never, during the period of time in question, requested the submission of a Rehabilitation Plan of any gravel miner except the Defendant Fife in this case, and this request was made at the Plaintiff Walton's insistence after the expiration of the lease in question.

The request was made by the former director of the Davis County Planning Commission, now deceased, for "something to be put in the file" and was not carefully examined or considered by the Davis County Planning Commission, and no action was taken by the Davis County Planning Commission within the thirty (30) days allowed by the ordinance to disapprove such a plan; and therefore the submitted Rehabilitation Plan by letter of Fife Rock Products Company of October 7, 1971 and materials subsequently submitted in connection therewith must be deemed to have been accepted by the Davis County Planning Commission as a "Rehabilitation Plan."

The Fife "Rehabilitation Plan" referred to above did satisfy the then existing standards and was accepted by the Davis County Planning Commission's lack of action after the period of time required by the ordinance as referred to above.

The Court finds as indicated by the testimony of the witness Steven Smith, that Defendant Fife terraced all of the lands so that there were no slopes greater than the one and one-half to one requirements of the excavation ordinance and planted seed in accordance with the then prevailing custom in Davis County and like areas and that such actions fulfilled the requirements of the Fife "Rehabilitation Plan" referred to above.

That improved and more detailed concepts of planting and rehabilitation of land are now beginning to take hold, but they were not generally recognized or required by participants before the date when this Lease was terminated and the rehabilitation completed.

The Court finds that the mining in question was done in accordance with the then prevailing customs and useage [sic] in the mining field and that there is no waste per se proven in this case.

\* \* \* \* \* \*

These findings are supported by competent evidence and we are not inclined to reverse the judgment based thereon. It is therefore affirmed. Costs are awarded to the respondent.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.